IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT STERLING TRESEDER,

    Plaintiff,                                     No. CIV S-09-1649 GEB GGH PS

    vs.

BANK OF AMERICA, N.A., et al.,

    Defendants.                           <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

         Defendants' motion to dismiss, filed June 22, 2009, was taken under submission without a hearing. Upon review of the documents in support and opposition,[1] the court issues the following findings and recommendations.

         In this action, plaintiff challenges a loan for $417,000 borrowed from Bank of America, secured by a deed of trust on his home, alleging that the United States has been in bankruptcy since 1933, Federal Reserve notes have no intrinsic value, and that plaintiff was not loaned anything of worth. Defendants move to dismiss for failure to state a claim. Defendants' motion is well taken.

---

[1] In response to the motion, plaintiff filed a document styled, "objection and petition to strike and response to defendants' notice of hearing on motion and motion to dismiss," which the court will construe as an opposition to defendants' motion.

1

The theory underlying plaintiff's claims is untenable, frivolous and must be rejected outright.[2] See United States v. Condo, 741 F.2d 238, 239 (9th Cir. 1984) (theory that federal reserve notes are not valid currency is frivolous); Foret v. Wilson, 725 F.2d 254, 254-55 (5th Cir. 1984) (argument, that gold and silver is the only legal tender in United States, is hopeless and frivolous); see also United States v. Greenstreet, 912 F.Supp. 224, 229 (N.D. Tex. 1996) (rejecting as irrational plaintiff's attack on legitimacy of federal reserve notes); Sneed v. Chase Home Finance, LLC, 2007 WL 1851674, *3 (S.D. Cal. June 27, 2007); Tuttle v. Chase Home Finance, LLC, 2008 WL 4919263, *3-4 (D. Utah Nov. 17, 2008); Carrington v. Fed'l Nat'l Mortgage Assoc., 2005 WL 3216226, *2 (E.D. Mich. Nov. 29, 2005).

Plaintiff's claim under RICO is similarly deficient in that the predicate acts of racketeering activity simply do not exist.  The activity underlying plaintiff's claims was a simple loan transaction.  This is not the kind of unlawful activity contemplated by the Civil RICO Act. See 18 U.S.C. § 1961.  It is readily apparent that amendment in this case would be futile.  The complaint should therefore be dismissed with prejudice.

As RICO is the sole basis for federal jurisdiction, this court will decline to exercise supplemental jurisdiction over plaintiff's claims based on state law, and these claims should also be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (dkt. #7), be granted with prejudice;

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written

---

[2] Plaintiff is cautioned that further frivolous filings causing unwarranted consumption of judicial resources and defense costs will result in the imposition of sanctions under Federal Rule of Civil Procedure 11.

2

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 09/25/09

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH/076
Treseder1649.mtd.wpd